UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDIO MORAIS DOS SANTOS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>UNITE HERE LOCAL 8,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-01171-LK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Before the Court is Defendants Natalie Kelly, Jacob Simpson, and Unite Here Local 8's Motion to Dismiss for Failure to State a Claim. Dkt. No. 7. Plaintiff Claudio Dos Santos, proceeding pro se, opposes the motion. Dkt. No. 13. The Court has reviewed the parties' submissions, the balance of the record, and relevant law. Being fully advised, the Court GRANTS Defendants' motion.

I.  BACKGROUND

Mr. Dos Santos is a dues paying member of Defendant Unite Here Local 8 ("Local 8"), a Washington union. Dkt. No. 1 at 2, 5. Mr. Dos Santos alleges that Local 8 "was supposed to rule and protect us," but "they never for 4 years did anything to control First Goal Hospitality/Levy

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

and took[] every month money from [his] pay." *Id.* at 5. "First Goal Hospitality" and "Levy" are or were Mr. Dos Santos's employers, *see, e.g.*, Dkt. No. 13 at 1 (accusing Local 8 of failing to "protect [him] as employee of Levy Premium Food Service"), but are not named as defendants in this action. Mr. Dos Santos does name as defendants Kelly and Simpson, who are union officers. Dkt. No. 1 at 2. He filed the instant action on August 22, 2022, seeking $10,000 for his alleged injuries. Dkt. No. 1-1. Defendants filed the instant motion to dismiss on September 27, 2022. Dkt. No. 7.

## II. DISCUSSION

The Court first dismisses Kelly and Simpson from this action because Mr. Dos Santos concedes that he did not intend to name them as defendants in this action. The Court then reviews the relevant legal standard before turning to Defendants' motion to dismiss Mr. Dos Santos's claims against Local 8.

### A. Ms. Kelly and Mr. Simpson are Dismissed

In his complaint, Mr. Dos Santos names Kelly and Simpson as defendants. Dkt. No. 1 at 2. Kelly and Simpson are officers of Local 8. *See id.* Defendants move to dismiss Kelly and Simpson, contending that individual union members are not liable to other union members who allege the union violated its duty of fair representation. Dkt. No. 7 at 8–9 (first citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962), and then citing *Williams v. Pac. Mar. Ass'n*, 421 F.2d 1287, 1289 (9th Cir. 1970)). In his reply, Mr. Dos Santos clarifies that he did not intend to name Ms. Kelly or Mr. Simpson as defendants. Dkt. No. 13 at 1 ("[I]t is not true that I am trying to sue Mr[.] Jacob Simpson and Mrs[.] Natalie Kelly[.]"). Accordingly, the Court DISMISSES Natalie Kelly and Jacob Simpson from this action.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

**B.      Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the Court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not, however, accept as true legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**C.      Defendants' Motion to Dismiss**

Defendants interpret Mr. Dos Santos's complaint as a claim that Local 8 breached its duty of fair representation. Dkt. No. 7 at 6. Mr. Dos Santos does not dispute this characterization, but in his opposition brief he adds that he was not protected from "discrimination, persecution, retaliation, etc." in the workplace. Dkt. No. 13 at 1.

The duty of fair representation is implied under the scheme of the National Labor Relations Act and is "imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985); *see also Abrams v. Carrier Corp.*, 434 F.2d 1234, 1251 (2nd Cir. 1970) (noting that the duty of fair representation is "a federal obligation which has been judicially fashioned from national labor statutes"). "Mere negligence on the part of the union does not constitute a breach of the duty of fair representation." *Slevira v. W. Sugar Co.*, 200 F.3d 1218,

1221 (9th Cir. 2000). Rather, to bring a claim for breach of the duty of fair representation, a plaintiff must plausibly allege his union's conduct toward him was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also Garrity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 864 (9th Cir. 2016) (describing this as "a rather deferential standard").

In this context, a union's actions are arbitrary "only when it is irrational, when it is without a rational basis or explanation." *Garrity*, 828 F.3d at 879 (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998)). "A union's decision to discriminate against its members on an impermissible basis will violate the duty of fair representation only where the aggrieved members set forth 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" *Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 806 (9th Cir. 2017) (quoting *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Emps. of Am. v. Lockeridge*, 403 U.S. 274, 301 (1971)). Finally, to state a plausible claim that a union breached its duty of fair representation through bad faith conduct, a plaintiff "must plead facts that, if true, show 'substantial evidence of fraud, deceitful action or dishonest conduct.'" *Id*. at 808 (quoting *Beck v. United Food and Com. Workers Union, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007)). Under any of these theories of recovery, a plaintiff's complaint can only survive a motion to dismiss by pleading facts that would allow the Court to draw a reasonable inference that his union's conduct fell into one of these categories. *See Iqbal*, 556 U.S. at 678.

Defendants argue that Mr. Dos Santos's bare allegation that Local 8 "never for 4 years did anything to control First Goal Hospitality/Levy" does not state a plausible claim for relief under any theory of recovery for breach of the duty of representation. *See* Dkt. No. 1 at 5; Dkt. No. 7 at 8 ("The complaint does not indicate *what* Local 8 did wrong, *who* on Local 8's behalf acted or failed to act, or *when* such acts or omissions took place." (emphasis in original)). Mr. Dos Santos responds that Local 8 "never did anything to protect [him from] discrimination, persecution,

retaliation, etc.," were "very negligent[]," and "never paid attention to [his] complaints." Dkt. No. 13 at 1–2.[1] However, Mr. Dos Santos does not identify specific facts in support of these allegations or demonstrate how these alleged failures constitute discrimination or arbitrary or bad faith conduct. *See generally id.* Moreover, negligence does not constitute breach of the duty of fair representation. *Slevira*, 200 F.3d at 1221.

To the extent Mr. Dos Santos intends to advance a discrimination or retaliation claim separate from his fair representation claim, again, he does not identify his legal theory, nor does he introduce any facts in support of such claims. Although the Court liberally construes Mr. Dos Santos' pleadings, he must still produce "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court agrees with Defendants: even construing Mr. Dos Santos's allegations liberally, *see McGuckin*, 974 F.2d at 1055, and in his favor, *see Livid Holdings*, 416 F.3d at 946, Mr. Dos Santos's submissions do not allege any facts that would allow the Court to reasonably infer that Local 8 acted arbitrarily or in bad faith, or that it discriminated or retaliated against Mr. Dos Santos. Therefore, the Court GRANTS Defendants' motion to dismiss Mr. Dos Santos's complaint.

**D.   Leave to Amend**

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, the deficiencies in Mr. Dos Santos's complaint may be cured by

---

[1] The Court considers factual allegations in Mr. Dos Santos's response in accordance with its obligation to construe pro se pleadings liberally. *See McGuckin*, 974 F.2d at 1055.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

identifying a specific cause of action and alleging specific facts in support of that cause of action. Accordingly, the Court GRANTS Mr. Dos Santos leave to amend his complaint. Mr. Dos Santos shall file an amended complaint that cures the deficiencies in his claims against Local 8 by no later than **May 15, 2023**. If Mr. Dos Santos fails to timely file an amended complaint, the Court will DISMISS this matter with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 7, and DISMISSES Mr. Dos Santos's complaint with leave to amend. Mr. Dos Santos may file an amended complaint against Local 8 that cures the deficiencies identified herein no later than **May 15, 2023**.

Dated this 24th day of April, 2023.

*Lauren King*

Lauren King
United States District Judge