UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDIO MORAIS DOS SANTOS, <br><br> Plaintiff, <br> v. <br><br> UNITE HERE LOCAL 8, <br><br> Defendant. | CASE NO. 2:22-cv-01171-LK <br><br> ORDER DENYING MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT |

This matter comes before the Court on Defendant Unite Here Local 8's motion to strike Plaintiff Claudio Dos Santos's April 28, 2023 letter, or in the alternative, for a more definite statement. Dkt. No. 18. For the reasons set forth below, the Court denies the motion but again warns Mr. Dos Santos that this matter will be dismissed with prejudice unless he files an amended complaint.

I. BACKGROUND

Mr. Dos Santos, who is proceeding pro se, filed this action in August 2022 against Local 8—a Washington union—and union officers Natalie Kelly and Jacob Simpson. Dkt. No. 1. He alleged that although he was a dues paying member of Local 8 and Local 8 "was supposed to rule

and protect [him], they never for 4 years did anything to control First Goal Hospitality/Levy[.]" *Id.* at 5. "First Goal Hospitality" and "Levy" were Mr. Dos Santos's employers, Dkt. No. 13 at 1, but they are not named as defendants in this action.

Defendants filed a Rule 12(b)(6) motion to dismiss. Dkt. No. 7. Defendants and the Court interpreted Mr. Dos Santos's complaint as alleging that Local 8 breached its duty of fair representation. *Id.* at 6; Dkt. No. 16 at 3. The Court granted the motion to dismiss, explaining that even construing Mr. Dos Santos's allegations liberally and in his favor, he did not allege any facts that would allow the Court to reasonably infer that Local 8 acted arbitrarily or in bad faith, or that it discriminated or retaliated against Mr. Dos Santos. Dkt. No. 16 at 5. The Court also granted Mr. Dos Santos leave to amend and allowed him to file an amended complaint "that cures the deficiencies in his claims against Local 8" including "identifying a specific cause of action and alleging specific facts in support of that cause of action." *Id.* at 6.[1]

Mr. Dos Santos has not filed an amended complaint, and instead filed a letter to the Court. Dkt. No. 17. In that letter, he avers that his former employer discriminated against and harassed him, and that his related case against that employer was dismissed. *Id.* at 1; *see Dos Santos v. Levy Premium Food Serv. Ltd. P'ship*, 2:22-cv-01170-JCC, Dkt. No. 4 (order to show cause), Dkt. No. 5 (order of dismissal for lack of subject matter jurisdiction) (W.D. Wash. 2022). Mr. Dos Santos states that he has sued Local 8 because "every month they took money from [his] pay check," leading him to believe that "they were there to protect [union members]" but "they never did it." Dkt. No. 17 at 1–2. Mr. Dos Santos also alleges that "Mrs. Kelly told [him they] would have a zoom meeting to resolve this situation, [but] they never spoke about it." *Id.* at 3; *see also id.* at 4 (alleging that the union "neglected[ed] the whole situation").

---

[1] The Court also dismissed Mr. Dos Santos's claims against Kelly and Simpson because Mr. Dos Santos conceded that he did not intend to name them as defendants in this action. *Id.* at 2.

ORDER DENYING MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT - 2

Local 8 filed a motion to strike Mr. Dos Santos's letter, or in the alternative, for a more definite statement. Dkt. No. 18. Local 8 argues that the letter should be stricken because it "is not a pleading within the meaning of Rules 7 and 8 of the Federal Rules of Civil Procedure"; it does not state the basis for the Court's jurisdiction or identify any causes of action. *Id.* at 2. Alternatively, if the Court construes the letter as an attempt to file an amended complaint, "Local 8 moves the Court to require Plaintiff to provide a more definite statement of his allegations against Local 8 because the Letter is so incoherent and its assertions pertaining to Local [8] so ambiguous that Local 8 cannot reasonably prepare a response." *Id.* Mr. Dos Santos has not responded to Local 8's motion.

## II. DISCUSSION

Local 8 does not cite to specific authority allowing the Court to strike the letter. And as Local 8 notes, the letter is not a complaint, Dkt. No. 18 at 2, so Federal Rule of Civil Procedure 12(f) does not provide a basis to strike it. Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added); Fed. R. Civ. P. 7(a) (defining pleadings to include complaints but not letters).

Liberally construed, the letter could constitute a motion to appoint counsel, so striking it is unwarranted. Mr. Dos Santos states in the letter that he needs someone "who can represent [him] legally." Dkt. No. 17 at 4. If Mr. Dos Santos intended that statement to be a request for the Court to appoint counsel, his request is denied without prejudice. "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation

ORDER DENYING MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT - 3

marks and citation omitted). The exceptional circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (cleaned up). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Mr. Dos Santos has not shown that either consideration weighs in his favor at this juncture. First, the Court cannot weigh the merits of his claims based on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). Second, this case does not appear to present the type of legally or factually complex issues that would preclude Mr. Dos Santos from adequately articulating his claims pro se. That Mr. Dos Santos might more articulately set forth the facts underlying his claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Thus, at this stage of the litigation, the Court cannot find the exceptional circumstances necessary to justify appointment of counsel.

Moreover, although "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), Mr. Dos Santos's letter does not set forth any causes of action or otherwise appear to be a complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (explaining that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). Accordingly, the Court denies Local 8's alternate request for a more definite statement.

One problem remains: Mr. Dos Santos has not filed an amended complaint despite the Court's prior Order. Dkt. No. 16 at 6. The Court gives him once last chance to do so. Mr. Dos

Santos may file an amended complaint that cures the deficiencies in the original complaint within thirty (30) days of the date of this Order.

An amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the claim(s) asserted, the specific facts that Mr. Dos Santos believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the Court will dismiss this matter with prejudice.

Unless Mr. Dos Santos retains counsel, he will be responsible for pursuing this case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court and information about the Federal Bar Association's Legal Clinic. https://www.wawd.uscourts.gov/representing-yourself-pro-se.[2] Although the Court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Local 8's motion. Dkt. No. 18. Mr. Dos Santos is directed to file an amended complaint within thirty (30) days of the date of this Order or the Court will dismiss this matter with prejudice.

//

//

//

---

[2] The Court further notes that the Pro Se Guide to Filing Your Lawsuit in Federal Court, https://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual4_8_2013wforms.pdf, includes a section on complaints.

ORDER DENYING MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT - 5

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Dos Santos at his last known address.

Dated this 4th day of August, 2023.

*Lauren King*

Lauren King
United States District Judge