1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDIO MORAIS DOS SANTOS,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITE HERE LOCAL 8,<br><br>          Defendant. | CASE NO. 2:22-cv-01171-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Unite Here Local 8's motion to dismiss Plaintiff Claudio Dos Santos's amended complaint for failure to state a claim. Dkt. No. 21. Mr. Dos Santos has not responded to the motion, which the Court construes as an admission that it has merit. LCR 7(b)(2). Even without that admission, the Court finds that the motion has merit and grants it for the reasons set forth below.

## I.   BACKGROUND

Mr. Dos Santos, who is proceeding pro se, filed this action in August 2022 against Local 8—a Washington union—and union officers Natalie Kelly and Jacob Simpson. Dkt. No. 1. He alleged that although he was a dues paying member of Local 8 and Local 8 "was supposed to rule

1  and protect [him], they never for 4 years did anything to control First Goal Hospitality/Levy[.]"

2  *Id.* at 5. "First Goal Hospitality" and "Levy" were Mr. Dos Santos's employers, Dkt. No. 13 at 1,

3  but they are not named as defendants in this action.

4       Defendants filed a Rule 12(b)(6) motion to dismiss. Dkt. No. 7. Defendants and the Court

5  interpreted Mr. Dos Santos's complaint as alleging that Local 8 breached its duty of fair

6  representation. *Id.* at 6; Dkt. No. 16 at 3. The Court granted the motion to dismiss, explaining that

7  even construing Mr. Dos Santos's allegations liberally and in his favor, he did not allege any facts

8  that would allow the Court to reasonably infer that Local 8 acted arbitrarily or in bad faith, or that

9  it discriminated or retaliated against Mr. Dos Santos. Dkt. No. 16 at 5. The Court also granted Mr.

10  Dos Santos leave to amend and allowed him to file an amended complaint "that cures the

11  deficiencies in his claims against Local 8" including "identifying a specific cause of action and

12  alleging specific facts in support of that cause of action." *Id.* at 6.[1]

13       Mr. Dos Santos did not file an amended complaint, and instead filed a letter to the Court.

14  Dkt. No. 17. In that letter, he averred that his former employer discriminated against and harassed

15  him, and that his related case against that employer was dismissed. *Id.* at 1; *see Dos Santos v. Levy*

16  *Premium Food Serv. Ltd. P'ship*, 2:22-cv-01170-JCC, Dkt. No. 4 (order to show cause), Dkt. No.

17  5 (order of dismissal for lack of subject matter jurisdiction) (W.D. Wash. 2022). Mr. Dos Santos

18  stated that he sued Local 8 because "every month they took money from [his] pay check," leading

19  him to believe that "they were there to protect [union members]" but "they never did it." Dkt. No.

20  17 at 1–2. Mr. Dos Santos also alleged that "Mrs. Kelly told [him they] would have a zoom meeting

21  to resolve this situation, [but] they never spoke about it." *Id.* at 3; *see also id.* at 4 (alleging that

22  the union "neglected[ed] the whole situation").

23

24

---

[1] The Court also dismissed Mr. Dos Santos's claims against Kelly and Simpson because Mr. Dos Santos conceded that he did not intend to name them as defendants in this action. *Id.* at 2.

ORDER GRANTING MOTION TO DISMISS - 2

Local 8 filed a motion to strike Mr. Dos Santos's letter, or in the alternative, for a more definite statement. Dkt. No. 18. Mr. Dos Santos did not respond to Local 8's motion. The Court denied the motion, declining to strike the letter from the record because it could be construed as a motion to appoint counsel, which the Court denied. Dkt. No. 19 at 3–4. The Court also denied Local 8's request for a more definite statement because the letter was not a complaint or other pleading. *Id.* at 4; Fed. R. Civ. P. 12(e) (allowing a party to move for a more definite statement "of a pleading"). The Order also noted that Mr. Dos Santos had not filed an amended complaint, despite the Court's prior Order requiring him to do so. Dkt. No. 19 at 4. The Court gave him one "last chance to do so," ordering him to file an amended complaint within thirty days that cured the deficiencies in the original complaint. *Id.* at 4–5.

Mr. Dos Santos timely filed an amended complaint. Dkt. No. 20. The one-page amended complaint accuses Local 8 of "neglect[ing] completely [his] s[u]ffering" at the hands of his former employer, "ignoring [his] many complaints, . . . doing nothing to defend [him]," and "set[ting him] up with the employer to fire [him] with false al[l]egations." *Id.* at 1. Local 8 moved to dismiss, arguing that the amended complaint "fails to cure the pleading defects that the Court identified in granting Local 8's first motion to dismiss." Dkt. No. 21 at 4.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the Court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not, however, accept as true legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    2.  <u>Duty of Fair Representation Claim</u>

       The duty of fair representation is implied under the scheme of the National Labor Relations Act and is "imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985); *see also Abrams v. Carrier Corp.*, 434 F.2d 1234, 1251 (2nd Cir. 1970) (noting that the duty of fair representation is "a federal obligation which has been judicially fashioned from national labor statutes"). "Mere negligence on the part of the union does not constitute a breach of the duty of fair representation." *Slevira v. W. Sugar Co.*, 200 F.3d 1218, 1221 (9th Cir. 2000). Rather, to bring a claim for breach of the duty of fair representation, a plaintiff must plausibly allege his union's conduct toward him was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 864 (9th Cir. 2016) (describing this as "a rather deferential standard").

       In this context, a union's actions are arbitrary only when it is "without a rational basis or explanation." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998). "A union's decision to discriminate against its members on an impermissible basis will violate the duty of fair representation only where the aggrieved members set forth 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" *Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 806 (9th Cir. 2017) (quoting *Amalgamated Ass'n*

*of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockeridge*, 403 U.S. 274, 301 (1971)). Finally, to state a plausible claim that a union breached its duty of fair representation through bad faith conduct, a plaintiff "must plead facts that, if true, show 'substantial evidence of fraud, deceitful action or dishonest conduct.'" *Id*. at 808 (quoting *Beck v. United Food & Com. Workers Union, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007)). Under any of these theories of recovery, a plaintiff's complaint can only survive a motion to dismiss by pleading facts that would allow the Court to draw a reasonable inference that his union's conduct fell into one of these categories. *See Iqbal*, 556 U.S. at 678.

**B.    Dismissal Is Warranted Without Further Leave to Amend**

Local 8 argues that Mr. Dos Santos's amended complaint should be dismissed with prejudice because it contains only conclusory and speculative allegations without a prayer for relief or a showing that he is entitled to relief. Dkt. No. 21 at 6. Local 8 also contends that the Court should dismiss the amended complaint without further leave to amend because, despite clear direction from the Court, Mr. Dos Santos failed to file a viable amended complaint and further efforts would be futile. *Id.* at 6–7. The Court agrees on both issues.

Mr. Dos Santos's amended complaint reasserts most of the same allegations as his prior deficient complaint. *Compare* Dkt. No. 1 at 5 (alleging that Local 8 was supposed to protect workers from the employer but did not), *with* Dkt. No. 20 at 1 (alleging that Local 8 neglected his suffering and ignored his complaints about the employer). Those conclusory and vague allegations are deficient for the same reasons as the original complaint. And his new allegation that Local 8 set him up with "false allegations" includes no supporting facts such as the nature of the false allegations, who made them, or when this occurred. Dkt. No. 20 at 1. Like the original complaint, the amended complaint fails to identify specific facts in support of the allegations or demonstrate how Local 8's alleged failures constitute discrimination or arbitrary or bad faith conduct. *See*

*generally* Dkt. No. 20. Moreover, "[m]ere negligence on the part of the union does not constitute a breach of the duty of fair representation." *Slevira*, 200 F.3d at 1221. Accordingly, the amended complaint fails to state a claim against Local 8, and the Court grants the motion to dismiss under Rule 12(b)(6).

Finally, Mr. Dos Santos has not requested, and the Court will not grant, further leave to amend the complaint. District courts may dismiss a complaint without leave to amend if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (explaining that a district court may deny leave to amend when amendment would be futile). Mr. Dos Santos has been granted leave to amend twice before, Dkt. No. 16 at 5–6; Dkt. No. 19 at 4–5, but the amendments have not remedied his claims' shortcomings. Leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court grants the motion to dismiss without further leave to amend.

## III.   CONCLUSION

The Court GRANTS Local 8's motion, Dkt. No. 21, and DISMISSES this matter with prejudice and without further leave to amend. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Dos Santos at his last known address.

Dated this 30th day of October, 2023.

Lauren King
United States District Judge